IN RE MOLONEY: HANCOCK COUNTY CHILDREN SERVICES, APPELLEE, *v.* MOLONEY ET AL., APPELLANTS.

[Cite as In re Moloney (1986), 24 Ohio St. 3d 22.]

(No. 85-904—Decided May 14, 1986.)

*Ralph D. Russo,* for appellee.
*Byron Craig Manford,* for appellants.

*Per Curiam.* The issue upon which the courts of appeals disagree and which is presented for our decision is this: Where an alleged neglected, dependent or abused child is committed to the temporary emergency custody of a children services board pursuant to a Juv. R. 7 shelter care hearing, must a court order a reunification plan, even though it has not yet reached a final adjudication and disposition under R.C. 2151.353? For the reasons which follow, we find in the negative.

The statute governing the requirements concerning the need for initial and comprehensive reunification plans is R.C. 2151.412. It states, in relevant portion:

"(A) When a child is *adjudicated* an abused, neglected, or dependent child and the court, pursuant to division (A)(2) or (3) of section 2151.353 of the Revised Code, orders commitment of the child to the temporary custody of * * * a county children services board, * * * the * * * board * * * shall submit an initial plan to the court * * *." (Emphasis added.)

Juv. R. 6 provides: "A child may be taken into custody: * * * by a law enforcement officer or duly authorized officer of the court when there are reasonable grounds to believe that the child is suffering from illness or injury and is not receiving proper care, or is in immediate danger from his surroundings, and that his removal is necessary, * * * and * * * where,

during the pendency of court proceedings, it appears to the court that the conduct, condition or surroundings of the child are endangering the health, welfare, person or property of himself * * *."

Juv. R. 7(F)(1) requires that "[w]hen a child has been admitted to * * * shelter care, a detention hearing shall be held promptly, not later than seventy-two hours after the child is placed in * * * shelter care or the next court day, whichever is earlier, to determine whether detention or shelter care is required. * * *" Juv. R. 29(A) directs that the "date for the adjudicatory hearing shall be set when the complaint is filed, or as soon thereafter as is practicable. If the child who is the subject of the complaint is in detention or shelter care, the hearing shall be held not later than ten days after the filing of the complaint * * *." And, with respect to final disposition, Juv. R. 34(A) states that the "dispositional hearing may be held immediately following the adjudicatory hearing or at a later time fixed by the court."

The Court of Appeals for Lawrence County concluded in *In re Lewis* (Sept. 2, 1982), Lawrence App. No. 1573, unreported, that an initial reunification plan is necessary after emergency shelter care placement, notwithstanding the fact that a court has not yet reached the final adjudicatory and dispositional stages of the proceeding. The court explained:

"The mere existence of a temporary custody order implies a finding of neglect or dependency. The purpose of the statute — to encourage contact between parents and children — and the ultimate goal of the initial plan — to reunite parents and children — must not be circumvented by the absence of an express determination of neglect or dependency. Whenever temporary custody of a child is awarded to Children's Services, the child and the parents are entitled to preparation and institution of an initial plan * * *."

We do not agree with this reasoning. Juv. R. 2(1) defines an "adjudicatory hearing" as "a hearing to determine whether a child is * * * neglected, or dependent or otherwise within the jurisdiction of the court or whether temporary legal custody should be converted to permanent custody." The findings made in an adjudicatory hearing are thus intended to be quite particular and specific. A temporary shelter care hearing simply is not an adjudication — implied or otherwise — and it is nowhere defined as such. An order of temporary shelter care is made in recognition that a person of tender years is defenseless, unable to care for himself and that his natural needs for food, clothing and shelter demand that someone immediately assume the responsibilities that the parents have ignored. A shelter care decree is in no sense dispositive; it is interlocutory in nature, limited in scope and purpose, and temporary in duration. It responds to an emergency — the immediate physical needs of the child — until the court can fully inquire into the facts and decide what is best for the child. A shelter care order is no more than this.

In the recent case of *In re Baby Girl Baxter* (1985), 17 Ohio St. 3d 229,

at 233-234, we explained the four dispositional choices a court has under R.C. 2151.353:

"After a child has been adjudicated dependent in an action and a disposition is to be made pursuant to R.C. 2151.353, the court has four options. The court may permit the child to remain with the parent subject to court conditions and limitations, including supervision. R.C. 2151.353(A)(1). The court may commit the child to the temporary custody of the welfare department, county children services board, either parent or a relative, or a probation officer. R.C. 2151.353(A)(2). The court may commit the child to the temporary custody of any institution authorized by the state to provide care or treatment to the child, R.C. 2151.353(A)(3), or the court may commit the child to the permanent custody of the welfare department, R.C. 2151.353(A)(4). R.C. 2151.412(A) requires that if the R.C. 2151.353(A)(2) or (3) options are utilized, the welfare department must submit an initial plan to reunite the family.

"* * * R.C. 2151.412 does not require that a court order a reunification plan when it makes disposition pursuant to R.C. 2151.353(A)(4)."

*Baxter* leads us to hold in the present case that the formulation of an initial reunification plan under R.C. 2151.412(A) is mandated only where a court makes a disposition of temporary custody under R.C. 2151.353(A)(2) or (3). The reunification plans necessitated by R.C. 2151.412 pertain only where a child has previously been determined to be dependent, neglected or abused; temporary custody has been committed to a children services board, welfare department or a certified organization; and an order is sought changing temporary to permanent custody. Initial and comprehensive reunification plans are not necessary pursuant to an emergency shelter care order.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.