## In re BROWN et al.

[Cite as *In re Brown* (2001), 142 Ohio App.3d 193.]

Court of Appeals of Ohio,
Twelfth District, Brown County.

Nos. CA2000–07–021, CA2000–07–022 and CA2000–07–023.

Decided April 2, 2001.

194

*Thomas F. Grennan,* Brown County Prosecuting Attorney, and *Tresa Gossett,* Assistant Prosecuting Attorney, for appellee Brown County Department of Job and Family Services.

*John Woliver,* for appellee Polly Shafer.

*Kelly & Wallace Co., L.P.A.,* and *Michael P. Kelly,* for Randy J. Brown.

*Denise S. Barone,* for appellant Cynthia Brown.

*Robert F. Benintendi,* guardian *ad litem.*

---

WALSH, Judge.

Appellant, Cynthia Brown, appeals a decision of the Brown County Court of Common Pleas granting legal custody of her three children to their maternal grandmother, appellee Polly Shafer. The decision is affirmed.

Appellant and Randy Brown are the parents of three children, Stephanie (born October 31, 1986), Samantha (born August 12, 1988), and Sabrina (born September 11, 1989). Appellant and Randy were divorced in Brown County, Ohio in 1998, and appellant was awarded custody of the parties' three children.

On July 12, 1999, the Clermont County Department of Human Services ("CCDHS") filed a complaint, alleging that the children were neglected. The complaint specifically alleged that Sabrina overdosed on the prescription medication Tegratol, and that appellant waited several hours to take Sabrina to the hospital even though her speech was slurred and she was vomiting. A case plan was developed which required that appellant maintain sobriety, undergo a chemical dependency assessment, and that she and the children participate in counseling. Upon agreement of the parties, the Juvenile Division of the Clermont County Court of Common Pleas ("Clermont County Juvenile Court") granted temporary custody of the three children to Shafer on August 5, 1999. The children were subsequently adjudicated dependent children on September 28, 1999 by the Clermont County Juvenile Court, and custody was continued with Shafer, who lives in Brown County.

The case was transferred to the Brown County Court of Common Pleas ("trial court") on November 22, 1999. After a hearing on the matter, the trial court awarded legal custody of the three children to Shafer, and granted appellant supervised visitation. Appellant appeals, presenting one assignment of error for our review:

"The trial court erred to the prejudice of defendant-appellant when it ruled that legal custody of the Brown children needs to be awarded to the maternal grandmother, Polly Shafer."

Appellant first contends that the Brown County Department of Human Services ("BCDHS") failed to establish a case plan or adopt the Clermont County case plan. Appellant contends that the failure of the trial court to journalize a case plan constitutes reversible error.

R.C. 2151.412(A)(2) requires:

"Each public children services agency * * * prepare and maintain a case plan for any child to whom the agency is providing services and to whom any of the following applies:

"* * *

"(2) The agency has temporary or permanent custody of the child."

■ Accordingly, the adoption and journalization of a case plan is mandatory in a case such as this, where a children services agency is granted temporary custody. *In re Moloney* (1986), 24 Ohio St.3d 22, 26, 24 OBR 18, 21–22, 492 N.E.2d 805, 808–809.

■ The dependency complaint was first filed with the Clermont County Juvenile Court. In accordance with R.C. 2151.412(A)(2), the Clermont County Juvenile Court adopted and journalized a case plan prepared by CCDHS. When the case was subsequently transferred to Brown County, BCDHS continued the plan initiated in Clermont County.

Although the CCDHS case plan was not journalized by the trial court, the record discloses that, in fact, the case plan formulated by CCDHS was followed by BCDHS when the case was transferred. The Clermont County case plan was attached to the predispositional summary provided to the trial court by BCDHS. The summary indicates that BCDHS continued to utilize the CCDHS case plan and notes appellant's progress under the plan.

Lori Bowling, a BCDHS caseworker, testified regarding the case plan. The initial goal of the case plan was to reunite appellant with her children. It was only after appellant's continued failure to satisfy the case plan's reunification goals that BCDHS sought to place the children with Shafer. There is no

indication in the record that appellant, or anyone else, questioned whether appellant's progress was being monitored under the Clermont County case plan.

The case plan formulated by CCDHS complied with the mandates of R.C. 2151.412 in every way, except for being journalized by the trial court. Accordingly, we hold that the trial court's failure to journalize the case plan, while constituting error, should be considered harmless error in the present case. Accord *In re Beasley* (Nov. 3, 1993), Summit App. No. 16275, unreported, 1993 WL 468401 at * 2.

■ We further note that appellant's objection to the trial court's failure to adopt and journalize a case plan comes at an improper time. The case was transferred to the trial court in November 1999. Appellant has first raised this issue on appeal. It is well established that errors which arise during the course of proceedings are waived unless brought to the attention of the trial court at a time when they can be remedied. *Id.* at * 3, citing *Rosenberry v. Chumney* (1960), 171 Ohio St. 48, 50, 12 O.O.2d 56, 57, 168 N.E.2d 285, 287. Had appellant raised the trial court's error prior to the final adjudication, the error could have been cured.

Appellant next contends that the trial court erred by excluding the opinion testimony she sought to elicit from Dr. Rayner of Brown County Counseling Center regarding her ability to care for and nurture her children, and from Cindy Wartman of the Clermont County Counseling Center regarding appellant's prospects for reunification with her children.

■ At the dispositional hearing, appellant's counsel asked Dr. Rayner if he had "any opinion as far as [appellant's] ability to take care and nurture the children." The father's attorney raised an objection, arguing that Dr. Rayner could not render an opinion as to what was in the "best interest" of the children as he lacked adequate knowledge. The trial court sustained the objection, finding that Dr. Rayner's involvement in the case was too remote in time to render his opinion relevant. Later, appellant's counsel asked Wartman if appellant "would be a good candidate to be reunified with her children." The trial court sustained an objection to this question without stating a reason.

■ A juvenile court may allow opinion testimony if it is material and relevant to issues raised at the dispositional hearing. See R.C. 2151.35(B)(2)(b); Juv.R. 34(B)(2). Relevancy is defined by Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The admission or exclusion of relevant evidence is left to the sound discretion of the trial court. *Donovan v. Donovan* (1996), 110 Ohio App.3d 615, 620, 674 N.E.2d 1252, 1255.

Although the testimony that appellant's counsel attempted to elicit is arguably relevant, the trial court under Evid.R. 403 acted within its discretion by excluding it. Dr. Rayner, who had not interacted with the family since July 1999, could have only offered his opinion as to appellant's parenting ability as of that time. Wartman worked with appellant only on issues of depression, and had no other knowledge of her parenting abilities, or whether appellant would be a good candidate for reunification. Further, both Wartman and Dr. Rayner were permitted to testify extensively about appellant's progress under their care. Although not permitted to give a conclusive opinion about appellant's parenting ability, the testimony each provided was sufficient to apprise the trial court of appellant's progress in her ability to parent.

Appellant lastly contends that the trial court abused its discretion by awarding legal custody of the three children to Shafer. However, appellant has failed to argue with any particularity how the trial court abused its discretion.

R.C. 2151.353(A)(3) grants the trial court discretion to award legal custody of a child who has been previously adjudicated dependent to a person other than the parent of the child. When making a custody decision, the "best interest of the child" standard is to be applied. *In re Pryor* (1993), 86 Ohio App.3d 327, 620 N.E.2d 973.

A trial court's custody decision will not be reversed absent an abuse of discretion. *Id.* In order for a reviewing court to find that an abuse of discretion occurred, there must be an indication in the record that the trial court had an "unreasonable, arbitrary or unconscionable" attitude in its handling of the case. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. In particular, the discretion granted to the trial court in custody matters "should be accorded the utmost respect, given the nature of the proceedings and the impact the court's determination will have on the lives of the parties concerned." *In re Smith* (Feb. 17, 1998), Brown App. No. CA97-04-011, unreported, 1998 WL 65682, citing *Miller v. Miller* (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846.

BCDHS caseworker Lori Bowling recommended that the children remain with Shafer, explaining that appellant had a history of substance abuse, and had only recently initiated rehabilitative services. Bowling further testified that appellant failed to comply with major portions of the case plan, including the requirement that appellant and the children regularly attend counseling. Appellant was convicted of child endangering for the overdose incident, and did not later obtain a locked box to store the prescription medications in, as was recommended to her. Although appellant had housing, she was under threat of eviction. The guardian *ad litem* appointed to represent the children also

recommended that they remain in Shafer's care, noting that the children had a good relationship with Shafer and had lived with her on and off for their entire lives due to appellant's instability.

Our review of the record shows that the trial court did not abuse its discretion in granting Shafer legal custody of the children. There was competent, credible evidence supporting the trial court's determination that granting custody to Shafer was in the children's best interest. The assignment of error is overruled.

*Judgment affirmed.*

VALEN, P.J., and POWELL, J., concur.