This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kathie Kroslak, appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that granted legal custody of one of her four children to the child's father. We affirm.
Kroslak is the mother of four children, Orry Kroslak, Shawnasy Kroslak, Joan Margerum, and Nicole Higgins. On May 14, 1999, Summit County Children Services Board (CSB) filed complaints in the juvenile court alleging that each of the children was dependent and neglected because Kroslak had been evicted from her apartment and the family was living in a camper that had inadequate utilities and was too small for the family of five. CSB had been involved with the family in the past due to the children's chronic absences from school. CSB developed a case plan for Kroslak, the key objectives of which were that she provide a safe, clean, and stable home environment for the children and that she make certain that their educational and medical needs were met.
CSB also developed a case plan for Appellee John Margerum, the father of only one of the children, Joan. Margerum apparently achieved all the goals of his case plan and CSB placed Joan in his care.
CSB eventually moved for permanent custody of Shawnasy and Nicole. It also moved to have Orry placed in a planned permanent living arrangement, and to have Joan placed in the legal custody of Margerum. Kroslak also moved for legal custody of all four children. Following a hearing on all motions, the trial court concluded that Kroslak had substantially complied with her case plan. It granted her motion for legal custody of Orry, Shawnasy, and Nicole. Because it determined that it was in Joan's best interest to live with her father, however, the trial court granted Margerum legal custody of Joan. Kroslak appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in granting legal custody of one minor child to [Margerum] thereby resulting in a division of custody of the four siblings because such a finding was against the manifest weight of the evidence and is against the best interests of the minor children.
Kroslak asserts the trial court erred in granting legal custody of Joan to Margerum rather than to her. Once the trial court has adjudicated a child abused, dependent or neglected, R.C. 2151.353(A)(3) grants the court discretion to award legal custody of the child to either parent or to a non-parent upon a timely motion. The trial court's custody decision is governed by the "best interest of the child" standard. In the matterof Brown (Apr. 2, 2001), Brown App. Nos. CA2000-07-021, CA2000-07-022, and CA2000-07-023, unreported, 2001 Ohio App. LEXIS 1590, at *8. R.C.2151.414(D) provides, in relevant part:
In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999[.]
By the time of the hearing in December 2000, Joan had been in the temporary custody of CSB for well over twelve months. During that time she had visited with her mother, but had not lived with her for almost twenty months. At the time Joan was removed from her mother's care, she was achieving poor grades in school, apparently because she frequently missed school and did not turn in homework assignments on a regular basis.
Joan had been living with Margerum for more than six months prior to the hearing. During that time, Margerum made sure that Joan attended school on a regular basis, worked on her homework nightly, and turned in all assignments. As a result, Joan's grades had improved significantly. Margerum testified that he would continue to emphasize Joan's school performance if he were given custody of her.
While Joan was placed with Margerum, he facilitated visitation with Kroslak and testified that he would continue to do so. Margerum has also demonstrated a history of providing financial support to Joan and Kroslak's other children. He had paid child support for Joan for several years and also maintained health insurance coverage for her. He had also given financial and other assistance to Kroslak and the children over the past few years.
Joan's desire, according to the testimony of the guardian ad litem and the CSB caseworker, was to continue living with her father.[1] Joan indicated to the guardian ad litem that, although she loved her mother, she wanted to live with her father.
Much of Kroslak's argument is that separating Joan from her siblings will be detrimental to her. It should be noted that, although such evidence would be relevant to the best interest determination, none was presented at the hearing. The trial court based its decision on the evidence before it; it could not speculate as to the bonding between the children or what the impact of placing them separately would be. Moreover, the trial court ordered that Kroslak have regular visitation with Joan. Thus, Joan will continue to see her siblings on a regular basis.
Based on the evidence in the record before us, we cannot say that the trial court abused its discretion by placing Joan in the legal custody of her father rather than her mother. The assignment of error is overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J., CONCUR.
[1] Although the trial court indicated at the hearing that it would interview the children in camera at a later date, no transcript of these interviews appears in the record.