DECISION AND JUDGMENT ENTRY
This is an appeal from a delinquency adjudication and disposition rendered by the Lucas County Court of Common Pleas, Juvenile Division.
Appellant, John P., was sixteen years old when he and another teenager attacked a pizza delivery man. Appellant struck the victim in the head three times with an aluminum baseball bat, then, with his accomplice, fled with two large pizzas and a liter of Dr. Pepper.
Appellant was named in a delinquency complaint which charged that he had committed acts which would have constituted aggravated robbery, a first-degree felony, if committed by an adult.
Appellant admitted the allegations, was adjudicated delinquent and the matter moved to a dispositional hearing before a magistrate. At the dispositional hearing, the victim's sister-in-law reported that her brother-in-law had suffered brain damage from the attack, including partial hearing and vision loss. According to the victim's sister-in-law, he is unable to live independently as a result of the attack. The magistrate ordered appellant committed to the Ohio Department of Youth Services for a minimum period of three years to age twenty-one. Appellant's appeal from the magistrate's dispositional order to the juvenile judge was found not well-taken and denied.
Appellant now brings this appeal. His appellate counsel has filed a brief pursuant to Anders v. California (1967), 386 U.S. 738, in which counsel states that he has examined the record in appellant's case and has found no meritorious basis for appeal. Accompanying appellate counsel's brief is a motion to withdraw. Counsel sent a copy of his brief to appellant and advised him of his opportunity to file his own brief. No brief by appellant has been filed.
Pursuant to Anders, appellate counsel has included in his brief a potential error. Counsel suggests that the juvenile court's determination to order appellant to the Department of Youth Services for a minimum of three years may have been an abuse of discretion.
Juvenile courts have discretion in imposing dispositions on juvenile offenders. In re Bracewell (1998), 126 Ohio App.3d 133, 136. When a court is vested with discretion, its decision will not be overturned on appeal absent an abuse of discretion. An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. In reBrown (2001), 142 Ohio App.3d 193, 198.
We have carefully reviewed the record and concur with appellate counsel that this potential assignment of error is without merit. The acts to which appellant admitted were exceptionally violent and resulted in serious injury. The juvenile court was well within its discretion in imposing this disposition.
Moreover, we have thoroughly and independently reviewed the record for other potential errors and concur with appellate counsel that the proceedings were free from procedural errors and conducted without infringement of appellant's rights.
Accordingly, we conclude that the case presents no arguable issues meriting review, and this appeal is without merit and wholly frivolous. Appellate counsel's motion to withdraw is, hereby, granted.
The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., JUDGES CONCUR.