JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant C.F., Sr.[1] ("Father") appeals from a decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, which granted legal custody of his son ("C.F.") to appellee D.R.J., the child's maternal grandmother ("Grandmother"). For the following reasons, we affirm the trial court's decision.
{¶ 2} The child, C.F., was born on February 21, 1991. C.F. lived with both parents until he was one year old and his father moved to California. At that time, the mother and child moved in with C.F.'s maternal grandmother.
 {¶ 3} On December 4, 2000, the Cuyahoga County Department of Children and Family Services ("CCDCFS") filed a complaint, alleging that C.F. was neglected.[2] Specifically, the complaint alleged that the mother abused drugs and had serious health problems, which interfered with her ability to care for C.F.
 {¶ 4} On July 18, 2001, C.F. was adjudicated neglected. On August 3, 2001, C.F. was placed into the temporary custody of CCDCFS and placed into the home of the maternal grandmother.
 {¶ 5} On January 31, 2002, CSEA filed an action in Cuyahoga County to determine paternity and for an award of child support. On June 3, 2002, C.F., Sr. was found to be the father of C.F. following the results of court-ordered genetic testing.[3]
 {¶ 6} On April 2, 2002, CCDCFS filed a motion to modify the temporary custody of C.F. and grant legal custody to the maternal grandmother. On May 22, 2002, the father filed a motion to modify the temporary custody of C.F. and grant him legal custody.
 {¶ 7} On August 20, 2002, trial began. At trial, Lindsey Sustin, a social worker with CCDCFS, testified that C.F. has been living with his maternal grandmother for the majority of his life and is very bonded with her and his half-brother. She also testified that C.F. is doing well in school, has a lot of friends, and is very involved with sports and extracurricular activities. She opined that it was in C.F.'s best interest to be placed with his maternal grandmother rather than the father so that he would not be uprooted from his stable life. She also opined that C.F. and his father did not have a strong relationship.
 {¶ 8} The maternal grandmother also testified at trial. She testified that C.F. had been living with her since his birth. She testified that C.F. saw his father about once a year and that she encouraged these visits. She also testified that the father never sent any financial support for C.F. except for birthdays and Christmas. She opined that it was in C.F.'s best interest to stay with her and his half-brother because she loves him and wants to maintain stability in his life.
 {¶ 9} Next, the mother testified that she has been involved with drugs for some time and that has affected her ability to take care of her children. She opined that it was in C.F.'s best interest to be placed with her mother since she provides a stable home for him and he would not be separated from his half-brother.
 {¶ 10} The father testified next. He testified that he has a good relationship with C.F. and had a good relationship with the maternal grandmother until the custody proceeding began. He testified that he makes a good living and that he would be able to provide for C.F. He stated that C.F. has his own room at his house and gets along with his daughter. On cross-examination, he denied failing to support C.F. and said that he sent money and clothing over the years.
 {¶ 11} On October 21, 2002, the trial court filed a judgment entry granting legal custody to the maternal grandmother.[4]
 {¶ 12} It is from this decision that the father now appeals and raises one assignment of error for our review.
 {¶ 13} "I. The trial court erred in granting legal custody to the grandparent, a non-parent, without making a parental unsuitability determination on the father before deciding the case based solely upon the best interest of the child standard."
 {¶ 14} In his sole assignment of error, the father contends that the trial court improperly awarded legal custody of C.F. to the maternal grandmother. Specifically, the father contends that the trial court improperly applied the standard of best interest of the child in determining whether legal custody of C.F. should have been awarded to the maternal grandmother. The father argues that in order for the trial court to award custody to a non-parent such as the maternal grandmother, the court was required to make a finding that the father is an unsuitable parent.
 {¶ 15} In support of his argument, the father cites In re Perales
(1977), 52 Ohio St.2d 89; Masitto v. Massitto (1986), 22 Ohio St.3d 63; and In re Hockstock (2002), 98 Ohio St.3d 238, which hold that a court must make a determination of parental unsuitability before awarding custody to a non-parent in a legal custody proceeding. The father's reliance on these cases are misplaced. Perales, Massitto, and Hockstock
all involved private custody matters between the child's natural parent and a non-parent with whom the child had lived most of his or her life and were expressly limited to original parentage actions brought under R.C. 2151.23(A)(2). Here, the case involves a custody proceeding regarding a child alleged to be neglected under R.C. 2151.23(A)(1). Accordingly, by its very terms, the above-cited decisions do not apply to this case.
 {¶ 16} As noted previously, the trial court adjudicated C.F. a neglected child under R.C. 2151.353. R.C. 2151.353(A)(3), R.C. 2151.417(B) and R.C. 2151.42(A) grant the trial court discretion to award legal custody of a child who has been adjudicated neglected to a person other than the parent of the child if it is in the "best interest of the child." In re Brown (2001), 142 Ohio App.3d 193, 198; In re Pryor
(1993), 86 Ohio App.3d 327; In re Farrow, Franklin App. No. 01AP-837, 2002-Ohio-3237; In re Gordon (1996), Gallia App. No. 96CA01. There is no requirement that the trial court make an explicit finding of parental unsuitability before awarding custody to a non-parent in such a situation. Id. Accordingly, the trial court did not err by not giving the father a parental unsuitability determination before awarding custody of C.F. to the maternal grandmother in the legal custody hearing.
Judgment affirmed.
PATRICIA A. BLACKMON, P.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
[1] The parties are referred to herein by their initials or title in accordance with this Court's established policy.
[2] C.F. has a half-brother who was also listed in the complaint, but is not a party to this appeal.
[3] The genetic tests were filed with the court on June 20, 2002.
[4] On August 30, 2002, the magistrate issued its journal entry which was subsequently signed by the trial court on October 17, 2002 and journalized on October 21, 2002. The father's objections, filed on October 29, 2002, were overruled by the trial court on December 6, 2002.