OPINION
{¶ 1} Appellant Garry Thurman appeals the decision of the Coshocton County Court of Common Pleas, Juvenile Division, that terminated his parental rights to his minor daughter. The following facts give rise to this appeal.
 {¶ 2} On February 4, 2005, Appellee Coshocton County Department of Job and Family Services ("JFS") was summoned to the Coshocton County Memorial Hospital following the birth of the minor child that is the subject of this appeal. At the time of the child's birth, the child and mother, Melanie Weaver, tested positive for cocaine. Ms. Weaver refused to identify the child's biological father. However, shortly thereafter, Ms. Weaver identified appellant as the child's biological father, which was subsequently confirmed through DNA testing in March 2004.
 {¶ 3} JFS's initial involvement with the minor child commenced under Case No. 20530006. However, the statutory time requirements for the adjudication and disposition in dependency and neglect actions expired before appellant was determined to be the child's biological father. Therefore, JFS filed a second complaint, under Case No. 20630013, on March 14, 2006. In the prayer of the second complaint, JFS requested permanent custody of the minor child.
 {¶ 4} The trial court conducted an adjudicatory arraignment on March 23, 2006. Appellant was not represented by counsel at this hearing. The trial court entered a denial on his behalf and appointed counsel to represent him. On April 3, 2006, the trial court filed a judgment entry continuing the temporary custody of the minor child with JFS. On May 3, 2006, the trial court conducted an adjudicatory hearing on the dependency complaint. As a result of the hearing, the trial court found the minor child to be dependent. The trial court immediately proceeded to disposition.
 {¶ 5} In a judgment entry of the dispositional hearing dated June 5, 2006, the trial court specifically noted that appellant was not included in the case plan because of his apparent disinterest and lack of follow through for scheduled appointments with Gary Wolfgang, Ph.D. and Coshocton Behavioral Health Choices. Judgment Entry, June 5, 2006, Findings of Fact, at ¶ 6. Accordingly, the trial court terminated appellant's parental rights and granted JFS's complaint for permanent custody.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. THE TRIAL COURT ERRED IN AWARDING PERMANENT CUSTODY TO THE CHILDREN SERVICES AGENCY AS THE DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN DENYING APPELLANT'S REQUEST FOR AN EXTENSION OF TIME TO ATTEMPT TO REGAIN CUSTODY OF THE CHILD."
 I {¶ 9} In his First Assignment of Error, appellant maintains the trial court's grant of permanent custody to JFS was against the manifest weight of the evidence. We disagree.
 {¶ 10} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 11} R.C. 2151.414(B) addresses under what circumstances a trial court may grant permanent custody. This statute provides as follows:
 {¶ 12} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 13} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 14} "(b) The child is orphaned.
 {¶ 15} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 16} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 17} In the case sub judice, pursuant to R.C.2151.414(B)(1)(d), the trial court found that the minor child "* * * has been in the temporary custody of one or more public children services agency or private child placing agency for twelve (12) or more months of a consecutive twenty-two (22) month period ending on or after March 18, 1999, * * *." Judgment Entry, June 5, 2006, Conclusions of Law, at ¶ 1(A). Appellant does not challenge this finding by the trial court. Instead, appellant claims the trial court's judgment is against the manifest weight of the evidence because there is no evidence in the record as to the problems causing his daughter to be placed outside his home; appellant's home was never investigated to determine whether it would be a proper placement; and appellant was never added to the case plan.[1]
 {¶ 18} These arguments are irrelevant since the trial court granted permanent custody to JFS pursuant to R.C.2151.414(B)(1)(d). Appellant does not challenge the trial court's finding that his daughter was not in the temporary custody of JFS for twelve or more months of a consecutive twenty-two month period. The record contains evidence that the minor child was originally placed in the temporary custody of JFS on February 7, 2005, and on May 3, 2006, the date of the dispositional and adjudicatory hearing, the child was still in the temporary custody of JFS. Thus, the trial court's decision that permanent custody should be granted pursuant to R.C. 2151.414(B)(1)(d) was not against the manifest weight of the evidence.
 {¶ 19} Appellant's First Assignment of Error is overruled.
 II {¶ 20} In his Second Assignment of Error, appellant contends the trial court abused its discretion when it denied his request for an extension of time to attempt to regain custody of his minor child. We disagree.
 {¶ 21} Appellant argues the trial court should have granted his request for a continuance of the dispositional hearing because JFS made few attempts to identify a suitable member of his family for placement of his minor daughter. In the judgment entry of the dispositional hearing, the trial stated as follows in denying appellant's request for a continuance:
 {¶ 22} "Attorney Mencer advised the Court that Father was willing to go forward with the Adjudicatory Hearing, but requested a postponement of the Dispositional Hearing to allow him more time to work the Case Plan. The record reflects that Counsel for Father had agreed at the time the adjudicatory hearing was scheduled to proceed with the dispositional hearing immediately following the adjudicatory hearing in the event the child was found to be dependent. Further, Father was served with all documents required for the dispositional hearing prior to adjudication. Finally, permanency planning is of utmost importance for this Child and Father has had more than ample time to work the Case Plan had he not absented himself from the Community in the weeks and months proceeding (sic) the May 3, 2006, hearing. It is therefore the Order of the Court that Father's request to postpone disposition be and hereby isDENIED." (Emphasis sic.)
 {¶ 23} The grant or denial of a continuance is a matter entrusted to the broad, sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65, 67. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Based upon our review of the record in this matter, we do not find the trial court abused its discretion when it denied appellant's request to continue the dispositional hearing. As noted by the trial court, at the time the adjudicatory hearing was scheduled in this matter, appellant agreed to immediately proceed to the dispositional hearing following adjudication.
 {¶ 24} Further, JFS gave appellant an opportunity on March 23, 2005, to provide it with the names of relatives with whom the minor child could be placed. Tr. at 19-20. However, appellant refused to provide JFS with any names, addresses or phone numbers of relatives that could be considered for placement. Id. JFS also attempted to contact appellant's mother. Id. at 20. However, the hospital where she was staying refused to allow JFS to speak to her because she was too fragile. Id.
 {¶ 25} Finally, it is clear from appellant's testimony, during the adjudication hearing, that even if the trial court had granted his request for a continuance of the dispositional hearing, appellant would not have cooperated with JFS. On cross-examination, appellant testified as follows:
 {¶ 26} "Q. But you, when you were given the opportunity to have a relationship with your child, you did nothing, none of the things that J.F.S. asked you to do, did you?
 {¶ 27} "A.J.F.S. had no reason to ask me to do those things. The Revised Code of Ohio says, me being the biological father, with proof that I'm the biological father, there is not an assumed right. It is a God-given right that I have custody of my child, permanent custody, a permanent relationship with my child. God gave me that, not the department of Job and Family Services.
 {¶ 28} "Q. And from this point on, your position on that hasn't changed, has it?
 {¶ 29} "A. No, it hasn't." Tr. at 32-33.
 {¶ 30} Based upon the above, we conclude the trial court did not abuse its discretion when it denied appellant's request for a continuance of the dispositional hearing.
 {¶ 31} Appellant's Second Assignment of Error is overruled.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Coshocton County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Coshocton County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] In In re Maloney (1986), 24 Ohio St.3d 22, the Ohio Supreme Court cited its previous decision in In re Baby GirlBaxter (1985), 17 Ohio St.3d 229, and held that "`* * * R.C.2151.412 does not require that a court order a reunification plan when it makes disposition pursuant to R.C. 2151.353(A)(4).'" Id. at 26. In the case sub judice, since the trial court made disposition pursuant to R.C. 2151.353(A)(4), appellant was not entitled to a case plan.