[Cite as *A.L. v. K.T.*, 2016-Ohio-2865.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

A.L.

Appellee

v.

K.T.

Appellant

Court of Appeals Nos. F-15-002
F-15-003

Trial Court No. 09DV000151

**DECISION AND JUDGMENT**

Decided: May 6, 2016

* * * * *

Jeffrey L. Robinson, for appellee.

Thomas P. Kurt, for appellant.

* * * * *

**JENSEN, P.J.**

## I. Introduction

{¶ 1} Appellant-mother, K.T., appeals a decision by the Fulton County Court of Common Pleas to designate appellee-father, A.L., as the primary residential parent and legal custodian of the parties' three youngest children. Because we find that the trial court did not abuse its discretion, we affirm.

## II. Statement of Facts and Procedural History

{¶ 2} The parties were married in 2001. At the time, mother had two children from a previous relationship, and father adopted them. Those children are currently aged 18 and 16. The parties also have three biological children together, and their current ages are 14, 11, and 10. It is these younger children who are at the center of this appeal.

{¶ 3} Father filed a complaint for divorce in 2009. While the case was pending, the trial court ordered a psychologist to examine the parties and the children. The court also appointed the children a guardian ad litem ("GAL").

{¶ 4} In 2011, the parties entered into an agreement to terminate their marriage, including a shared parenting plan. Until recently, the parties continued to share custody under a "temporary order for a shared parenting plan."

{¶ 5} At issue here is father's "motion for reallocation of parental rights and responsibilities," filed in October of 2012. Father requested that he be named the residential parent and legal custodian of "the minor children," based on mother's alleged pattern of conduct "designed to alienate the children from their father."

{¶ 6} Over the course of the next two and one-half years, there were four hearings during which the court heard testimony and observed the parties. The final hearing took place on March 12, 2015. Both father and mother testified that shared parenting was not in the best interests of the children. Mother testified that the younger children had a hard time acclimating between the parties' two homes. Father testified, "I would recommend

2.

Judge that you make a decision one way or the other.  Whether it be with her or whether it be with me, I think these kids just need to have one home that they can call a home."

{¶ 7} The GAL, who began his relationship with the children in 2012, visited with them twice in 2015 and prepared an updated report.   In it, he was deeply critical of both parents but ultimately recommended that shared parenting continue.

### III.  The Trial Court's Decision and Judgment Entry

{¶ 8} In reaching its decision, the trial court characterized the parties' relationship as toxic.  It was particularly critical of mother and the two older children, whom the court faulted for "actively * * * undermining * * * Father's relationship with his three younger children."  The court concluded that continuing the shared parenting plan was not in the best interest of the children.  Instead, it designated mother as the primary residential parent and legal custodian of the *two older children*, with father the right to exercise reasonable visitation.  It designated father as the primary residential parent and legal custodian with regard to the *three younger children*, with mother to have the right to exercise reasonable visitation and companionship with them.  It ordered child support to be calculated based upon the standard work-sheet schedule.

{¶ 9} The mother appealed.

### IV.  Appellant-Mother's Assignments of Error

I.  The trial court abused its discretion in ordering "split custody" of the parties' minor children without making findings required by Ohio Revised Code § 3109.04(F)(2).

3.

II.  The trial court abused its discretion in removing the residential custody of three of appellant's five minor children from appellant on the basis of a psychological report which in fact recommended that the all five of appellant's five minor children remain with together [sic] and in the residential custody of appellant.

III.  The trial court abused its discretion in removing the residential custody of three of appellant's five minor children from appellant despite the guardian ad litem's two reports which recommend that all five children remain in the custody of appellant.

### V.  Law and Analysis

{¶ 10} An appellate court reviews a trial court's decision regarding a child custody determination under an abuse of discretion standard.  *In re Brown*, 142 Ohio App.3d 193, 198, 755 N.E.2d 365 (12th Dist.2001).  An appellate court must give such discretion to the trial court in these cases because of the nature and significance of the proceeding, and because the trial court is in a unique position to weigh the credibility of witnesses and evidence.  *Miller v. Miller*, 37 Ohio St.3d 71, 73-74, 523 N.E.2d 846 (1988).  To find an abuse of discretion, an appellate court must conclude that the lower court's attitude was unreasonable, arbitrary, or unconscionable.  *Id.* at 74.

{¶ 11} In her first assignment of error, mother alleges that the trial court abused its discretion by failing to make "findings required by R.C. 3109.04(F)(2)."  Although

4.

mother makes reference to section (F)(2) of R.C. 3109.04, the argument portion of her brief references only section (F)(1) of the statute.

{¶ 12} By way of clarification, R.C. 3109.04(F)(1) provides criteria to a court when it is assessing the best interests of the child for purposes of allocating parental rights and responsibilities, whether in an original decree or modification thereof. By contrast, section (F)(2) applies when a court is deliberating over "whether shared parenting is in the best interests of the child." Both sections require a court to consider "all relevant factors," and both include their own list of specific factors that the court "shall" also consider, including the recommendation of a guardian ad litem. R.C. 3109.04(F)(2)(e).

{¶ 13} Irrespective of which section mother intended to cite, the essence of her argument is that the trial court failed to articulate its findings or provide details when it allocated parental rights and responsibilities.

{¶ 14} The residential parent and legal custodian is the person with the primary allocation of parental rights and responsibilities. R.C. 3109.04(A)(1); *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 23.

{¶ 15} We disagree with mother that the trial court failed to articulate its rationale when designating father as the residential parent and legal custodian of the three youngest children. Clearly, the court was troubled by the presence of "parental alienation." The court found that the two older children were "actively involved in undermining" their

younger siblings' relationship with their dad. The court opined that the situation "cannot be countenanced, nor will it be allowed to continue."

{¶ 16} The court also observed that the three youngest children were "in the middle of a very stressful situation" which it likened to walking a "very tight 'high wire'" with little by way of a safety net.

{¶ 17} Finally, the trial court lamented that the concerns expressed by the psychologist back in 2010 had not only worsened but had proven to be prophetic in that the mother vilifies the father, overstates problems, and implies that father poses a threat to them.

{¶ 18} The court also cited with approval the observations made by the psychologist that "[father] has a genuine interest in and concern about the children * * * He does and would take a more traditional, structured, and limit setting relationship and role with the children." Based on all these findings, the court concluded that shared parenting "has not worked" and that the children should be separated.

{¶ 19} A review of the record indicates that the lower court engaged in a thorough evaluation of the relevant factors, before designating father as the primary residential parent and legal custodian of the three younger children. We see no evidence that the trial court acted arbitrarily, unreasonably or unconscionably. Therefore, we find that mother's first assignment of error is not well-taken.

**{¶ 20}** We consider mother's second and third assignments of error together. In them, mother alleges that the trial court abused its discretion in failing to follow the opinion of the psychologist and guardian ad litem, respectively.

**{¶ 21}** The psychologist prepared a 52-page report on October 1, 2010. At that time, mother, father, and all five children were evaluated and observed. The psychologist recommended that the children remain together and that mother have the primary parenting responsibility with father having liberal visitation. The psychologist made the recommendation "with some tentativeness because I am not convinced that mother, who has been acting in a fashion that is somewhat alienating in order to assure her relationship with her children * * * will be able to contain her style of denigration of him to them."

**{¶ 22}** More recently, the GAL recommended that the "present parenting time schedule" continue. Nonetheless, the GAL also observed the older children's display of animosity toward their father was causing anxiety for the three younger children.

**{¶ 23}** "A trial court is not bound to follow a guardian ad litem's recommendation." (Citation omitted.) *Lumley v. Lumley*, 10th Dist. Franklin No. 09AP-556, 2009-Ohio-6992, ¶ 46. "As the fact finder, the trial court determines the guardian ad litem's credibility and the weight to be given to the guardian ad litem's recommendation. Because assessment of the credibility and weight of the evidence is reserved for the trial court, we will not second guess the court's decision to disregard the guardian ad litem's recommendation." (Citation omitted.) *Id.*, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997). *See also Bomberger-Cronin v. Cronin*, 2d Dist. Greene No. 2014-CA-4, 2014-Ohio-2302,

7.

¶ 27, and *MacDonald v. MacDonald*, 8th Dist. Cuyahoga No. 96099, 2011-Ohio-5389, ¶ 16-17.

{¶ 24} The opinions of the psychologist and guardian ad litem were just two of the many factors the court considered when allocating parental rights. Further, the trial court concurred in large part with their observations, even if it ultimately disagreed with their recommendation. We find that the trial court sufficiently articulated its decision to deviate from that recommendation, and we will not second guess the court's judgment, absent evidence that the court abused its discretion. Appellant's second and third assignments of error are not well-taken.

{¶ 25} We have reviewed the entire record in the matter. We find no abuse of discretion in the trial court's decision (1) to designate appellant-mother as the primary residential parent and legal custodian of the two older children or (2) to designate appellee-father as the primary residential parent and legal custodian as to the three younger children. Appellant's three assignments of error are not well-taken.

{¶ 26} The judgment of the Fulton County Court of Common Pleas is hereby affirmed. Costs are assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                       _____
                                                                                      JUDGE

Stephen A. Yarbrough, J.

                                          _____
James D. Jensen, P.J.                                           JUDGE
CONCUR.

                                          _____
                                                                                       JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.