[Cite as *In re K.S.*, 2021-Ohio-1106.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

IN THE MATTER OF:                    :
                                     :
K.S., Ma.S., and Me.S,               :          Case No. 20CA3709
                                     :                   20CA3710
ADJUDICATED DEPENDENT                :                   20CA3711
CHILDREN.                            :
                                     :
                                     :          DECISION AND JUDGMENT
                                     :          ENTRY
                                     :
                                     :

---

**APPEARANCES**:

Duston Scharbrough and Cynthia Scharbrough, Chillicothe, Ohio, Pro Se
Appellants.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Pamela C. Wells,
Assistant Ross County Prosecuting Attorney, Chillicothe, Ohio, for
Appellee.

---

Smith, P. J.

{¶1} The children's biological father, D.S., and the children's step-mother,

C.S., appeal the trial court's decisions that denied C.S.'s Civ.R. 60(B) motions to

vacate. On appeal, D.S. and C.S. raise six assignments of error. We conclude,

however, that we do not have jurisdiction over this appeal and that we must

dismiss the appeal.

{¶2} First, the step-mother is not a party to the proceedings involving her step-children, and she did not file a motion to intervene. Thus, the step-mother does not have standing to appeal.

{¶3} Second, the father attempts to appeal the trial court's dependency adjudication and two of its shelter care decisions. The father did not, however, timely appeal the trial court's dependency adjudication. Moreover, the shelter care decisions are interlocutory orders that merged into the dependency adjudication. Because the father did not timely appeal the dependency adjudication, he likewise did not timely appeal the shelter care decisions.

{¶4} Accordingly, we dismiss this appeal.

FACTS

{¶5} A.S., the biological mother, and the father have three children: fifteen-year-old Me.S.; fourteen-year-old K.S., and twelve-year-old Ma.S.

{¶6} In May 2018, the agency filed complaints that alleged that K.S. is an abused child and that Me.S and Ma.S are dependent children. The statement of facts attached to the complaints alleged that the agency had received a report of sexual conduct occurring between K.S. and her father. The agency asked the court to place the father's three children in their biological mother's temporary custody with an order of protective supervision.

{¶7} The agency later filed a motion that asked the court to grant temporary custody of the three children to their maternal grandfather. The trial court granted the agency's motion and placed the children in the maternal grandfather's temporary custody.

{¶8} Subsequently, the court adjudicated the children dependent and dismissed the abuse allegation involving K.S. On April 30, 2019, the court entered a dispositional order that continued the children in their maternal grandfather's temporary custody.

{¶9} On September 26, 2019, the agency filed a motion to place the children in the legal custody of the maternal grandfather and step-grandmother.

{¶10} On January 6, 2020, the children's step-mother filed a motion to "[v]acate all judgements, orders, and proceedings related to this matter pursuant to Civil Rule 60(B)(3 & 5)." The magistrate overruled the step-mother's motion.

{¶11} The step-mother then filed objections to the magistrate's decision. The trial court overruled the step-mother's objections to the magistrate's decision. The court also overruled the step-mother's motion to vacate. The trial court determined that the step-mother is not a party to the

case and is therefore not entitled to file objections or to Civ.R. 60(B) relief.

This appeal followed.

## ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ERRED IN DENYING THE CIV.R. 60(B) MOTION FOR RELIEF FROM JUDGEMENT WITHOUT CONDUCTING AN ORAL HEARING.

II.     THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE CIV.R. 60(B) MOTION FOR RELIEF FROM JUDGEMENT AS IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

III.    THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DETERMINING THAT STEP-MOTHER IS NOT A PARTY TO THE CASES.

IV.     THE STIPULATED DEPENDENCY ADJUDICATION IS A VOID JUDGEMENT DUE TO BEING PROCURED BY INTIMIDATION, THREATS, AND COERCION.

V.      THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING FATHER EFFECTIVE ASSISTANCE OF COUNSEL.

VI.     THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT MAKING A PROPER REASONABLE EFFORTS FINDING AT EITHER SHELTER CARE HEARING.

## ANALYSIS

### Standing to Appeal

{¶12} As a threshold matter, we must address the step-mother's standing to appeal the trial court's decision overruling her Civ.R. 60(B) motion to vacate.

{¶13} Article IV, Section 4(B) of the Ohio Constitution provides that courts have jurisdiction "over all justiciable matters."  "A matter is justiciable only if the complaining party has standing."  *ProgressOhio.org, Inc. v. JobsOhio*, 139 Ohio St.3d 520, 2014-Ohio-2382, 13 N.E.3d 1101, ¶ 11, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41; *see also State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998) ("Standing is a threshold question for the court to decide in order for it to adjudicate the action").  Thus, a person "who attempts to appeal a judgment must meet standing requirements to invoke the jurisdiction of the appellate court." *In re S.G.D.F.*, 10th Dist. Franklin No. 16AP-123, 2016-Ohio-7134, 2016 WL 5720391, ¶ 11, citing *Ohio Contract Carriers Assn. v. Public Util. Comm. of Ohio,* 140 Ohio St. 160, 161, 42 N.E.2d 758 (1942).

{¶14} As a general rule, a person who is not a party to the case lacks standing to appeal.  *See In re Adoption of T.B.S.*, 4th Dist. Scioto No. 07CA3139, 2007-Ohio-3559, 2007 WL 2019535, ¶ 7.  "Merely appearing in an action and making a statement does not make one a party who can

appeal." *Id.* Likewise, "[b]eing allowed to appear in an action and to submit a brief in the trial court likewise does not give a person a right to appeal." *Id.* Instead, to have standing to appeal, a person either must be a party to the trial court proceeding or must have attempted to intervene as a party. *Id.* "Thus, a person who is not a party to an action and has not attempted to intervene as a party lacks standing to appeal." *Id.*; *accord Thomas v. Wright State Univ. School of Medicine*, 2013-Ohio-3338, 3 N.E.3d 211, ¶¶ 13-14 (10th Dist.); *see also State ex rel. Jones v. Wilson,* 48 Ohio St.2d 349, 358 N.E.2d 605 (1976); *State ex rel. Lipson v. Hunter,* 2 Ohio St.2d 225, 208 N.E.2d 133 (1965); Painter and Pollis, Ohio Appellate Practice, Section 1:29 (Oct. 2020 Update) (stating that "a would-be appellant that was not a party to the underlying action 'is without capacity to appeal' unless that would-be appellant sought unsuccessfully to intervene at the trial-court level").

{¶15} In the case at bar, the step-mother is not a party to the cases from which she attempts to appeal. Juv.R. 2(Y) defines who is a "party" in a juvenile court proceeding and states:

> "Party" means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.

{¶16} The step-mother has not cited any authority that the term "party" as used in Juv.R. 2(Y) includes step-parents. We further note that in a similar situation involving a step-grandparent, the court held that the step-grandparent did not become a party to the juvenile court proceeding upon marrying the biological grandparent. *In re R.G.*, 9th Dist. Wayne No. 20AP0012, 2021-Ohio-93, 2021 WL 164869. The court observed that even if the marriage gave the step-grandparent some cognizable interest in companionship rights, the step-grandparent never filed a motion to intervene. The court thus determined that the step-grandfather was not a party to the juvenile court proceedings and could not be a party to an appeal from the juvenile court's judgment.

{¶17} Moreover, while one court has recognized that a putative parent might be considered a "party" within the meaning of Juv.R. 2(Y), the court's conclusion was based upon evidence in the record that the putative parent was "named in the permanent custody motion, was served with the pleadings, and participated in the proceeding through counsel." *In re Phillips*, 12th Dist. Butler No. CA2003-03-062, 2003-Ohio-5107, 2003 WL 22227364, ¶ 6. The court further observed that the state attempted to serve the putative parent with the decision terminating his parental rights. The court thus determined that the putative parent's participation in the juvenile

court proceedings, along with the court filings that named him, gave him standing in the case.

{¶18} Here, by contrast, none of the court filings involving the father's three children was served upon the step-mother. Although some of the case plans may have included the step-mother, they did so only because the step-mother's biological child, L.S., was included in the case plans. Neither L.S. nor the step-mother is otherwise named in any of the court filings involving the father's three biological children. Moreover, the step-mother was not served nor was service on her attempted in any of the filings made in her step-children's cases. We therefore disagree with the step-mother that she attained party status by virtue of being incorporated into the case plans as the biological mother of L.S. or by virtue of her later marriage to the children's father.

{¶19} Furthermore, the step-mother did not attempt to intervene. The step-mother therefore cannot establish that she has standing to appeal the trial court's decision.

{¶20} Accordingly, based upon the foregoing reasons, we dismiss the step-mother's appeal.

Time to Appeal

{¶21} Next, we consider whether the father timely appealed the trial court's dependency adjudication and any preceding interlocutory orders that would have merged into the court's dependency adjudication.

{¶22} "App.R. 4 governs the timing of appeals and must be carefully followed because failure to file a timely notice of appeal under App.R 4(A) is a jurisdictional defect." *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 17.  An appeal of an adjudication order of abuse, dependency, or neglect and the subsequent dispositional order pursuant to R.C. 2151.353(A)(2) must be filed within 30 days of the judgment entry pursuant to App.R. 4(A).  *Id.* at syllabus.

{¶23} In the case at bar, on January 16, 2019, the trial court adjudicated the children dependent, and on April 30, 2019, the trial court entered its dispositional order continuing the children in the maternal grandfather's temporary custody.  The father did not file a notice of appeal within thirty days of the court's April 30, 2019 judgment.  Consequently, the father did not timely appeal the court's dependency adjudication, and we lack jurisdiction to consider the father's appeal from the trial court's dependency adjudication.  *In re E.C.*, 10th Dist. Franklin No. 18AP-878, 2019-Ohio-3791, 2019 WL 4534519, ¶ 19, *cause dismissed sub nom. In re*

*D.C.*, 157 Ohio St.3d 1493, 2019-Ohio-4765, 134 N.E.3d 1205, 2019 WL 6205066, ¶ 19 (2019); *In re S.C.*, 189 Ohio App.3d 308, 2010-Ohio-3394, 938 N.E.2d 390, ¶ 35 (4th Dist.).

{¶24} We similarly lack jurisdiction to consider the father's appeal from the trial court's shelter care orders. A shelter care order "is in no sense dispositive; it is interlocutory in nature, limited in scope and purpose, and temporary in duration." *In re Moloney*, 24 Ohio St.3d 22, 25, 492 N.E.2d 805 (1986). As an interlocutory order, a shelter care order ostensibly merges into the final judgment. "[A]n appeal from the final judgment allows an appellant to challenge both the final judgment and the interlocutory orders merged with it." *Breech v. Liberty Mut. Fire Ins. Co.*, 5th Dist. No. 2017CA00012, 2017-Ohio-9211, 101 N.E.3d 1199, 2017 WL 6550473, ¶ 30. An appeal involving an interlocutory order must be filed within thirty days of the date on which the interlocutory order became final. *Fed. Natl. Mtge. Assn. v. Hirschhaut*, 1st Dist. Hamilton No. C-180473, 2019-Ohio-3636, 2019 WL 4272004, ¶ 48, citing App.R. 3(A), and App.R. 4(A)(2).

{¶25} Here, the interlocutory shelter care orders merged into the final judgment, i.e., the dependency and dispositional orders. The father then had thirty days within which to appeal. As we indicated above, the father did not file a notice of appeal within thirty days of the trial court's dispositional

orders.  We therefore lack jurisdiction to consider the father's appeal of the trial court's shelter care orders.

## CONCLUSION

{¶26} Accordingly, based upon the foregoing reasons, we dismiss this appeal.

**APPEAL DISMISSED**.

## JUDGMENT ENTRY

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**