OPINION
{¶ 1} Defendant-Appellant, Kara Hauenstein, appeals two judgments of the Hancock County Juvenile Court, finding both of her daughters, Cheridan Hauenstein and Krista Price, to be dependent children and placing them in the temporary custody of Kara's parents. Kara maintains that the trial court erred by allowing into evidence statements she made to a mental health counselor during counseling sessions. Kara also maintains that several of the trial court's findings were against the manifest weight of the evidence. After reviewing the record before us, we find that the trial court did not err in allowing statements Kara made to her mental health counselor into evidence. Furthermore, we can not say that the judgments of the trial court were against the manifest weight of the evidence. Accordingly, all three of Kara's assignments of error are overruled, and the judgments of the trial court are affirmed.
 {¶ 2} Kara gave birth to Cheridan Hauenstein on July 12, 2002. In May of 2003, Kara was undergoing mental health counseling at Firelands Counseling and Recovery Services ("Firelands") in Fostoria, Ohio. At that time, she was pregnant with Krista Price.
 {¶ 3} During counseling sessions at Firelands, Kara told her mental health counselors that she had become frustrated with Cheridan and that she had forcefully shaken her in response to this frustration. Kara also related that she had fantasies about causing further harm to Cheridan. Following Ohio's mandatory reporting statute, R.C. 2151.421, Kara's counselor reported Kara's remarks to the Hancock County Children's Protective Services Unit ("CPSU"). Based on the counselor's mandatory report, CPSU initiated an investigation of Cheridan's situation. The investigation resulted in a finding that the abuse allegations were unsubstantiated. However, CPSU remained concerned about Cheridan's situation based on comments by Kara stating that she didn't want the child and that she felt that she was a babysitter waiting for someone to take the child away.
 {¶ 4} In July of 2003, CPSU filed a complaint with the trial court herein, alleging that Cheridan was a dependent child. At an Ex Parte hearing, the trial court found that probable cause existed to remove Cheridan from Kara's home and placed her in the emergency custody of CPSU. A few days later, the trial court granted another Ex Parte motion, placing Cheridan with Kara's parents and allowing Kara unlimited supervised visitation as long as at least one of her parents was also present.
 {¶ 5} In August of 2003, Kara gave birth to Krista Price. Six days later, CPSU filed a compliant with the trial court, alleging that Krista was a dependent child. In an Ex Parte order, the trial court found that Krista was a dependent child and placed her in the custody of Kara's parents. Kara was also granted unlimited supervised visitation privileges with Krista as long as at least one of her parents was present.
 {¶ 6} Kara opposed the removal of both her children, and both cases were consolidated by the trial court. An adjudicatory hearing on the cases was held on September 25, 2003 and October 16, 2003. At the hearing, Kara objected to the introduction of evidence concerning statements she had made to her mental health counselor during counseling sessions. Kara claimed that these statements were inadmissible as privileged communications under R.C. 2317.02(G)(1). The trial court overruled Kara's objection, finding that the communications indicated a clear and present danger and were statutorily excepted from the privilege. After the adjudicatory hearing, the trial court found that both children were dependent based upon R.C. 2151.04(C). The trial court then held a dispositional hearing and found that CPSU had made reasonable efforts to prevent the removal of the children from their home and that removal was in the children's best interests. Both children were placed in the custody of Kara's parents with protective supervision by CPSU. From these judgments Kara appeals, presenting the following three assignments of error for our review.
 Assignment of Error I The trial court erred as a matter of law in ordering thedisclosure of privileged communications between a patient and aprofessional clinical counselor, as protected by R.C.2317.02(G)(1).
 Assignment of Error II The trial court's finding of dependency pursuant to R.C.2151.04(C) was against the manifest weight of the evidence.
 Assignment of Error III The trial court's dispositional order of relative placementwas against the manifest weight of the evidence.
 Assignment of Error I {¶ 7} In her first assignment of error, Kara asserts that the trial court erred by allowing into evidence disclosures she made to her mental health counselor. She claims that these disclosures were protected as privileged information under R.C.2317.02(G)(1).
 {¶ 8} R.C. 2317.02(G)(1) provides that communications made by a client to a licensed mental health counselor are generally privileged. Exceptions to this privilege are set forth in R.C.2317.02(G)(1)(a) through (f) and (G)(2). Pertinent to the case herein, exception (G)(1)(a) provides that a communication is excepted from the privilege when:
(a) The communication or advice indicates clear and presentdanger to the client or other persons. For the purposes of thisdivision, cases in which there are indications of present or pastchild abuse or neglect of the client constitute a clear andpresent danger.
 {¶ 9} Kara asserts that because CPSU investigated her statements and found that the abuse allegations were unsubstantiated, the above exception to the privilege can not apply. We disagree with Kara's attempted interpretation of the above exception.
 {¶ 10} Evid.R. 501 provides that issues of privilege are governed by statute and by principles of common law as interpreted by Ohio courts. "The traditional policy of the law is to require the disclosure of all information by those in possession of it, in order that the truth may be discovered and justice prevail." State v. Orwick, 153 Ohio App.3d 65,2003-Ohio-2682, at ¶ 14, quoting In re Briggs (July 9, 1997), 9th Dist. App. No. 18117, unreported. Because the counselor-patient privilege is entirely statutory and in derogation of common law, it must be strictly construed against the party seeking to assert it. Orwick, at ¶ 14, citing Wargov. Buck (1997), 123 Ohio App.3d 110, 120, citing Ohio StateMed. Bd. v. Miller (1989), 44 Ohio St.3d 136, 140.
 {¶ 11} The exact language of R.C. 2317.02(G)(1)(a) says that "indications of present or past child abuse" are not privileged communications. This language does not exempt from the privilege only those communications relating to actual child abuse, but also any communication relating to an indication of child abuse. During her communications with her mental health counselor, Kara stated that she had become frustrated with Cheridan and vibrated her with enough force to kill a newborn child. She also stated that she did not want Cheridan and had fantasies about causing her further harm. We refuse to find that these statements are not at the very least "indications" of child abuse. The fact that CPSU found that the allegations could not be substantiated does change the nature of these communications. The exception to the privilege clearly exempts any communication which indicates past or present child abuse. Clearly these communications fall under the exception to privilege as stated in R.C. 2317.02(G)(1)(a).
 {¶ 12} Furthermore, it is undisputed that Kara's statements were reported to CPSU pursuant to the mandatory reporting law established in R.C. 2151.421(A)(1)(a). In State v. Orwick, this Court previously held that when a statute requires an individual to report the conduct or communications of the defendant, then the defendant loses any privilege which may have otherwise attached to those communications. Orwick, at ¶ 16. Specifically addressing the privilege in R.C. 2317.02(G)(1)(a), this Court held that "[i]f the details of the conduct or circumstance are required to be reported, regardless of whether the individual or entity required to report has in fact made the report, the only purpose that sustaining the privilege could now serve would be to obstruct the course of justice." Id.
 {¶ 13} Therefore, based on the above reasoning, we find that Kara's communications to her mental health counselor concerning Cheridan were indications of past child abuse and exempted from the general grant of privilege. Accordingly, Kara's first assignment of error is overruled, and the judgment of the trial court is affirmed.
 Assignment of Error II {¶ 14} In her second assignment of error, Kara maintains that the trial court's judgments that Cheridan and Krista were dependent children were against the manifest weight of the evidence.
 {¶ 15} Pursuant to R.C. 2151.04(C), a "dependent child" includes any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." At the adjudicatory phase, the focus of a dependency allegation is on the child and her conditions and not on the faults of the parents. In re Gibson (Nov. 8, 1991),3rd Dist. No. 2-91-4, unreported, citing In re Burchfield(1988), 51 Ohio App.3d 148, 151. Thus, a finding of dependency must be based upon the question of whether the child is receiving proper care. Id. If the child's environment has the potential for causing an adverse impact, a finding of dependency is appropriate. In Re Burns (June 26, 2000), 5th Dist. Nos. 99CA124, 99CA125, unreported.
 {¶ 16} R.C. 2151.35 governs the hearing procedure and provides in pertinent part:
(A)(1) * * * If the court at the adjudicatory hearing findsfrom clear and convincing evidence that the child is an abused,neglected, or dependent child, the court shall proceed, inaccordance with division (B) of this section, to hold adispositional hearing and hear the evidence as to the properdisposition to be made under section 2151.353 of the RevisedCode.
Thus, the state must prove its allegation of dependency by clear and convincing evidence. R.C. 2151.35; In re Mosier (March3, 1992), 3rd Dist. No. 15-91-13, unreported.
 {¶ 17} Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469, 477. It requires more evidence than does a finding by a preponderance of the evidence, but it does not rise to the level of a finding beyond a reasonable doubt. Id.
 {¶ 18} The trial court had before it, evidence that Kara admitted to becoming frustrated by Cheridan, and in response to this frustration, shook her violently enough to cause death to a new born baby. There was also evidence that Kara commented that she did not want Cheridan and that she had violent fantasies about hurting her. This is certainly adequate evidence to show that Cheridan and Krista were not receiving proper care and that their environment had the potential for causing them an adverse impact. While there was some evidence presented that Kara was an adequate and loving mother, we find that the state was able to meet its burden of proving Cheridan and Krista were dependent children, by clear and convincing evidence. Accordingly, Kara's second assignment of error is overruled, and the judgment of the trial court is affirmed.
 Assignment of Error III {¶ 19} In the third assignment of error, Kara claims that the findings of the trial court that relative placement was in the best interest of the children and that CPSU made reasonable efforts to avoid placement were against the manifest weight of the evidence.
 {¶ 20} After a child has been adjudicated as dependent, the trial court can make an order of disposition as set forth in R.C.2151.353(A). At this stage, the trial court must evaluate all of the dispositional alternatives and decide which one best serves the interests of the child. In Re Holtgreven (June 23, 1995), 3rd Dist. No. 5-95-7, unreported, citing In Re Pieper Children
(1993), 85 Ohio App.3d 318, 322. One option available to the court is the placement of the child in the temporary custody of a relative. R.C. 2151.353(A)(2). Before making the dispositional decision, the trial court must find that CPSU used reasonable efforts to avoid the removal of the children from the home. R.C. 2515.353(H). A reviewing court will not reverse the trial court's decision at this dispositional stage as being against the manifest weight of the evidence if it is supported by competent and credible evidence. Holtgreven, supra, citing C.E. MorrisCo. V. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 21} Before the removal of the children, CPSU had been involved with Kara through protective day care, the development of two detailed safety assessments, following her progress through counseling, and investigating the complaints of possible child abuse. There was also testimony from a CPSU assessment investigator that there were no other reasonable efforts the agency could have taken to prevent the children's removal. We find that the evidence before the trial court was sufficient competent and credible evidence to sustain a finding that CPSU had fulfilled its duty to reasonably attempt to avoid the removal of the children from their home. Furthermore, Kara offers no contradictory evidence showing that CPSU failed in this regard. Therefore, we affirm the trial court's finding that CPSU made a reasonable attempt to avoid the placement of Cheridan and Krista outside of their home.
 {¶ 22} Regarding the children's best interests, the trial court had before it evidence that Kara had violently shaken her child out of frustration and had fantasies about causing the child further harm. There was also evidence of comments from Kara that she did not want her children and that she felt like a babysitter. At the dispositional hearing, CPSU recommended that the children be removed from their home and placed with Kara's parents. This is adequate competent credible evidence to support the trial court's finding that removal was in the children's best interests.
 {¶ 23} Accordingly, Kara's third assignment of error is overruled, and the judgments of the trial court are affirmed.
 {¶ 24} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments affirmed.
 Shaw, P.J. and Bryant, J., concur.