OPINION
{¶ 1} Appellant, Veronica S., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of her two sons to the children's paternal grandparents. We affirm.
 {¶ 2} Appellant is the mother of B.S. and C.S., twin boys born on April 2, 1993. Appellant had custody of her sons when the Butler County Children Services Board ("the BCCSB") filed two complaints against her on November 5, 2004. The complaint regarding B.S. alleged that the child was neglected, abused, and dependent. The complaint regarding C.S. alleged that the child was neglected and dependent. The alleged abuse was perpetrated by appellant's boyfriend, a non-relative. The juvenile court initially placed the children in the emergency custody of the BCCSB, and then in the temporary custody of a paternal aunt, Robin M.
 {¶ 3} On February 8, 2005, appellant and the children's father stipulated to findings of dependency for both children, and to a finding that B.S. was abused. Accordingly, the court adjudicated both children dependent, and B.S. an abused child. Following a hearing on May 3, 2005, the court granted legal custody to appellees, Donald and Twila S., paternal grandparents of the children. Appellant timely appealed, raising two assignments of error.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT AWARDED CUSTODY TO A NON-PARENT WHEN THE MOTHER WAS NOT UNSUITABLE."
 {¶ 6} Appellant urges this court to find that the juvenile court abused its discretion in awarding custody to a non-parent without first finding that appellant was an unsuitable mother.
 {¶ 7} An appellate court reviews a juvenile court's custody determination for an abuse of discretion. In re Brown (2001),142 Ohio App.3d 193, 198. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The discretion afforded to a juvenile court in custody matters "should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In re Starks, Darke App. No. 1646, 2005-Ohio-1912, ¶ 17, quoting Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
 {¶ 8} Upon adjudicating a child abused, neglected, or dependent, a juvenile court may award legal custody of the child to a parent or non-parent. R.C. 2151.353(A)(3). Appellant insists that the juvenile court must deem her an unfit parent prior to awarding custody of her children to a non-parent. This court recently addressed the same argument in the case In re D.R.,
Butler App. Nos. CA2005-06-150, -151, 2006-Ohio-340. The mother in that case also argued that the juvenile court was required to find that she was an unsuitable parent before awarding legal custody of her two children to the children's paternal grandmother. This court disagreed, noting that "[t]he requirement of finding parent unsuitability does not apply to dispositional hearings following an adjudication that the child is abused, dependent, or neglected." Id. at ¶ 14. It is well-established that a determination of the child's best interest remains the primary standard to be applied in custody cases. Brown,142 Ohio App.3d at 198.
 {¶ 9} In the present matter, B.S. was adjudicated abused and dependent and C.S. was adjudicated dependent. Following these determinations, the juvenile court awarded legal custody of the children to their paternal grandparents. The court was not required to find that appellant abandoned the children or was otherwise an unsuitable parent. Rather, after considering the evidence, the court ruled that placing the children in the legal custody of the paternal grandparents comported with the best interests of the children. The court did not abuse its discretion in failing to employ a higher standard.
 {¶ 10} We next address whether the trial court's awarding of legal custody to non-parents constituted an abuse of discretion. If a juvenile court's decision regarding a child's best interest is not supported by competent, credible evidence, then it is unreasonable and we may reverse it. In re Nice, (2001),141 Ohio App.3d 445, 455. After reviewing the record in the case at bar, however, we find that the juvenile court acted within its discretion in awarding custody to the children's paternal grandparents.
 {¶ 11} As stated, the parents of B.S. and C.S. stipulated that both children were dependent and that B.S. was abused, based upon the allegations in the complaints. The complaints reveal the following facts. On October 30, 2004, appellant's boyfriend, William P., inflicted a black eye on B.S. after striking the child in the face. Appellant kept B.S. out of school during the week of this incident in an attempt to avoid detection of the child's injury. Further evidence shows that appellant was intentionally uncooperative with investigatory efforts on a number of occasions, refusing to open the door of her residence to case workers and police officers. William also admitted to shooting B.S. with a paintball gun at close range, causing bruises.
 {¶ 12} Both B.S. and C.S. report being afraid of William. Evidence also shows that both appellant and William engaged in alcohol and drug abuse, though appellant has undergone treatment for her substance abuse problems. Nonetheless, according to the hearing testimony of paternal Aunt Robin M., appellant exhibited signs of intoxication during a number of phone calls to the children while they were temporarily in Robin's custody.
 {¶ 13} After conducting hearings on the matter, the juvenile court concluded that appellant did not demonstrate any sort of bond with her children. The court expressed doubt at appellant's ability to change, citing testimony from appellant's own mother for support. Finding that the children's father exhibited more potential as a viable future custodian, the court determined that the best place for the children at present would be with the paternal grandparents.
 {¶ 14} According to the hearing transcript, over the past few years B.S. and C.S. regularly visited their paternal grandparents for extended vacations in Kentucky. The record indicates that the children maintained a solid relationship with their grandparents. The grandparents are physically and financially able to support the children. Finally, the children expressed a strong desire to live with their grandparents, rather than appellant, if they were unable to live with their father.
 {¶ 15} After examining the record, we conclude that the juvenile court's decision regarding the best interests of the children was supported by competent, credible evidence. The court did not abuse its discretion when it determined that the best interests of the children were served by awarding legal custody to the children's paternal grandparents.
 {¶ 16} Appellant's first assignment of error is overruled.
 {¶ 17} Assignment of Error No. 2:
 {¶ 18} "THE COURT'S CUSTODY ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 19} Although appellant's assignment of error appears to challenge the juvenile court's rulings as against the manifest weight of the evidence, appellant's brief submits a cursory assortment of unembellished arguments including manifest weight, sufficiency of the evidence, and noncompliance with Ohio law. However, appellant fails to offer any explanation, analysis, or citations to the record or to specific Ohio cases or statutes in support of any of these assertions.
 {¶ 20} App.R. 16 governs the contents of appellate briefs and provides that "appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." App.R. 16(A)(7). App.R. 12 provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." App.R. 12(A)(2).
 {¶ 21} Pursuant to the appellate rules, we decline to address appellant's second assignment of error due to appellant's failure to brief the assigned error. See, e.g., Hawley v. Ritley
(1988), 35 Ohio St.3d 157, 159; State v. Steele, Butler App. No. CA20031-1-276, 2005-Ohio-943, ¶ 128-32; State v. Watson
(1998), 126 Ohio App.3d 316, 321-22.
 {¶ 22} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.