OPINION
{¶ 1} Appellant, the natural father of M.D., appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudicating M.D. a dependent child and awarding temporary custody of M.D. to her maternal grandparents, Timothy and Tamara Tharp. For the following reasons, we affirm that judgment. *Page 2 
 {¶ 2} M.D. was born on February 2, 1997. Her natural parents were married four months later but divorced in October 1999. Mother was declared the custodial parent of M.D. and visitation was provided to appellant.
 {¶ 3} On April 27, 2005, Franklin County Children Services ("FCCS") filed a complaint in the juvenile court that alleged M.D. was a dependent child as defined by R.C. 2105.04(C) and requested custody of M.D. The complaint was based on a report of suspected abuse of M.D.'s brother (who was fathered by mother's then husband). At the time, neither M.D. nor her brother lived with appellant. The juvenile court awarded temporary custody of M.D. to FCCS, who placed her in the care of the Tharps. Visitation was scheduled for appellant, who also requested an award of legal custody of M.D. The Tharps also requested temporary and legal custody of M.D. in case her natural parents were unable to assume custody. M.D.'s mother supported the Tharp's request for custody.
 {¶ 4} Ultimately, a magistrate adjudicated M.D. a dependent child. The magistrate dismissed appellant's motion for custody and awarded temporary custody of M.D. to the Tharps. The juvenile court overruled appellant's objections to that decision and approved the award of temporary custody to the Tharps. The juvenile court specifically found that the award of temporary custody was in the child's best interest.
 {¶ 5} Appellant appeals and assigns the following errors:
 I. The trial court's failure to make a separate and distinct finding of unsuitability of a non-custodial parent prior to making a disposition of custody to a non-parent in an abuse/neglect/dependency action violated Section 16, Article I of the Ohio Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Page 3 
 II. The trial court abused its discretion in finding that an award of temporary custody to the maternal grandparents was in the best interest of the minor child.
 III. The trial court's finding that an award of temporary custody to the maternal grandparents was in the best interest of the child was against the manifest weight of the evidence.
 {¶ 6} Appellant contends in his first assignment of error that the juvenile court had to make an express finding that he was unsuitable as a parent before it could award custody of M.D. to nonparents. We disagree. The Supreme Court of Ohio recently rejected this argument inIn re C.R., 108 Ohio St.3d 369, 2006-Ohio-1191. The court stated that an adjudication of abuse, neglect, or dependency implicitly involves a determination of the unsuitability of the child's parents. Id. at ¶ 22. The Court did not distinguish between custodial and noncustodial parents, and, in fact, noted that the implicit unsuitability determination applies to "custodial and/or noncustodial parents". Id. at ¶ 23. The court concluded that "when a juvenile court adjudicates a child to be abused, neglected, or dependent, it has no duty to make a separate finding at the dispositional hearing that a noncustodial parent is unsuitable before awarding legal custody to a nonparent." Id. at ¶ 24; see, also, In re C.S., Butler App. No. CA2005-06-152,2006-Ohio-5198, at ¶ 8.
 {¶ 7} Here, the juvenile court adjudicated M.D. a dependent child, a finding appellant does not contest in this appeal. Implicit in that adjudication is the determination that appellant is unsuitable. In reC.R. Thus, the juvenile court did not have to make an express finding that appellant was unsuitable before awarding *Page 4 
temporary custody of M.D. to the Tharps.[1] Id.; In re B.C., Summit App. No. 23044, 2006-Ohio-3286, at ¶ 5; In re Johnson (Mar. 29, 1995), Ross App. No. 94 CA 2003 (no error awarding grandparents temporary custody of child adjudicated dependent without first making explicit finding of unfitness).
 {¶ 8} Appellant also argues in this assignment of error that the temporary custody award in this case, based on the parental unsuitability determination implicit in his daughter's dependency adjudication, violates due process because his conduct did not cause his child's dependency. We disagree.
 {¶ 9} The Due Process Clause of the Fourteenth Amendment contains a substantive component that "provides heightened protection against government interference with certain fundamental rights and liberty interests." Washington v. Glucksberg (1997), 521 U.S. 702, 720,117 S.Ct. 2258. Substantive due process prohibits the government from infringing upon fundamental liberty interests in any manner, regardless of the procedure provided, unless the infringement survives strict scrutiny; i.e., the government's infringement must be "narrowly tailored to serve a compelling state interest." Reno v. Flores (1993),507 U.S. 292, 302, 113 S.Ct. 1439.
 {¶ 10} Parents have a constitutionally protected fundamental interest in the care, custody, and management of their children. Troxel v.Granville (2000), 530 U.S. 57, 120 S.Ct. 2054; Santosky v. Cramer
(1982), 455 U.S. 745, 102 S.Ct. 1388. The Supreme *Page 5 
Court of Ohio has recognized the essential and basic rights of a suitable parent to raise his or her child. In re Murray (1990),52 Ohio St.3d 155, 157. Such rights, however, are not absolute. In re B.L., Franklin App. No. 04AP-1108, 2005-Ohio-1151. Because a deprivation of custody, even temporarily, infringes on a parent's fundamental interest in the custody of his or her child, the procedure used must be narrowly tailored to serve a compelling state interest in order to satisfy constitutional due process guarantees.
 {¶ 11} It is undisputed that appellant was not the cause of the dependency determination. M.D. and her brother did not live with appellant when the alleged abuse took place. However, the fact that the dependency adjudication was based on conduct unrelated to appellant is not relevant to our analysis.
 {¶ 12} For example, in In re C.R., the child was adjudicated neglected because of the mother's substance abuse problems. Legal custody of the child was eventually awarded to nonparents. The noncustodial father inC.R. argued that his parental rights should not be taken away because of the neglect committed by the mother. In re C.R. at ¶ 11. Notwithstanding, the Supreme Court of Ohio held that a juvenile court's abuse, neglect, or dependency adjudication is a determination about the care and condition of the child and implicitly involves a determination of the unsuitability of the child's parents, either custodial or noncustodial. Id. at ¶ 22-23. Therefore, an express finding of unsuitability, even for the noncustodial parent not involved in the underlying conduct, did not have to be made before awarding legal custody of a neglected, abused, or dependent child to a nonparent. Id. at ¶ 24.
 {¶ 13} Although not involving due process challenges, other appellate courts in Ohio have applied the implicit unsuitability finding to noncustodial parents in a neglect, *Page 6 
abuse, or dependency adjudication when awarding custody of a child to a nonparent over the noncustodial parent. These courts found an implicit unsuitability even though the noncustodial parent was not the cause of the adjudication. See In re B.C., (rejecting claim that juvenile court was required to find noncustodial parents who were not involved in the conduct causing the children's dependency unfit before an award of temporary custody to county); In re M.D., Butler App. No. CA2006-09-223,2007-Ohio-4646 (no error awarding legal custody of child to grandparents without express finding of noncustodial parent's unfitness, where noncustodial parent not involved in the conduct causing the child's abuse and dependency adjudications); In re Osberry, Allen App. No. 1-03-26, 2003-Ohio-5462 (no error awarding temporary custody of child to aunt without express finding of unfitness of parent not involved with conduct that caused child's neglected and dependent determination);In re Johnson (no error awarding temporary custody of child to grandparents without express finding of unfitness of noncustodial parent not involved with conduct that caused child's dependency determination);In re Russel (Nov. 27, 2006), Guernsey App. No. 06-CA-12, (applying implicit unsuitability finding to noncustodial parent to award custody to nonparent).
 {¶ 14} The two Ohio appellate courts that have addressed the constitutional due process argument appellant asserts here have rejected the argument. In re B.C., at ¶ 9-14; In re M.D., at ¶ 20. In In reB.C., two children lived with their mother, the custodial parent, when they were found to be dependent and placed in the custody of the county. Id. at ¶ 2. The fathers were noncustodial parents and there was no indication that they were involved in the conduct leading to the children's dependency determination. *Page 7 
Notwithstanding, the juvenile court awarded temporary custody of the children to the county, finding that the award was in the children's best interests.
 {¶ 15} On appeal, the fathers argued that the award of temporary custody without a finding of parental unfitness violated their due process rights. The court disagreed, holding that the procedures involved were narrowly drawn to meet the state's compelling interest of removing abused, neglected, or dependent children from their homes. Id. at ¶ 14. The court noted that the fathers' rights to parent their children were infringed to a much lesser degree because they were only deprived of temporary, not permanent, custody of their children. Thus, the court allowed the award of temporary custody based on a finding of best interests, not unsuitability. The court also noted the implicit determination of unsuitability in the juvenile court's adjudication of abuse, neglect, or dependency, even for a noncustodial parent. Id. at ¶ 14. See, also, In re M.D., at ¶ 20 (no due process violation awarding custody of child to nonparent over noncustodial parent once child adjudicated abused, neglected, or dependent and if award in child's best interest).
 {¶ 16} We find that the procedure used here does not violate appellant's due process rights. Unquestionably, the State has a compelling interest in removing abused, neglected, and dependent children from their homes. Id. at ¶ 11, citing Pater v. Pater (1992),63 Ohio St.3d 393, 398. The procedure employed by the State in determining the temporary custody of those children is narrowly tailored to serve that interest. In re B.C., at ¶ 14. An award of temporary custody does not permanently deprive the parent of parental rights. Id. at ¶ 13. The infringement upon appellant's rights are far less than if his parental rights were permanently terminated. Parents are able to regain custody *Page 8 
of their children even after losing temporary custody. In re C.R., at ¶ 17 (noting that either parent may petition the court for modification of custody award). Temporary custody is only awarded after the judicial determination of parental unsuitability that is implicit in the abused, neglected, or dependent adjudication. Finally, the juvenile court may only award temporary custody to a nonparent if that disposition is in the child's best interest. Id. Cf. In re M.D., at ¶ 20 (affirming constitutionality of R.C. 2151.353[A][3]).
 {¶ 17} The award of temporary custody in this case does not violate appellant's constitutional due process rights because: (1) the child has been adjudicated a dependent child, (2) appellant has been implicitly determined to be unsuitable by that adjudication, and (3) the juvenile court determines that such an award is in the child's best interest.
 {¶ 18} Appellant's first assignment of error is overruled.
 {¶ 19} Appellant's second and third assignments of error will be considered together. In both, he claims that the juvenile court erred by finding that an award of temporary custody to the Tharps was in the best interest of M.D. We disagree.
 {¶ 20} After a child has been adjudicated as dependent, the juvenile court can make an order of disposition as set forth in R.C. 2151.353(A). The court must evaluate all of the dispositional alternatives and decide which one best serves the interests of the child. In Re Hauenstein, Hancock App. No. 5-03-38, 2004-Ohio-2915, at ¶ 20; In re PieperChildren (1993), 85 Ohio App.3d 318, 322; In re Crook (Nov. 21, 2001), Geauga App. No. 2000-G-2326 (noting that the "juvenile court must consider the `best interests' of the child when it considers the statutorily permissible dispositional alternatives enumerated in R.C. 2151.353[A]."). *Page 9 
 {¶ 21} The choice among dispositional alternatives is left to the sound discretion of the juvenile court. In re Blevins (Mar. 20, 2001), Hocking App. No. 00CA008; In re Berry (Dec. 31, 1990), Franklin App. No. 90AP-850 (concluding that "trial court did not abuse its discretion in opting for the disposition alternative provided in R.C. 2151.353[A][2] of temporary custody * * *"); In re Lewis (Nov. 7, 2001), Athens App. No. 01CA20; In re Graves (June 23, 2000), Geauga App. No. 99-G-2219 (noting that "the decision as to which disposition is in the best interests of the * * * child is left to the discretion of the juvenile court"); In re I.M., Cuyahoga App. No. 82669, 2003-Ohio-7069, at ¶ 46.
 {¶ 22} After the juvenile court adjudicated M.D. a dependent child, it placed her in the temporary custody of her grandparents. This disposition was one of the alternatives available to the court under R.C. 2151.353(A)(2). For this court to reverse the juvenile court's choice of dispositional alternatives, we must find that the court abused its discretion. Lewis; Berry. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. If a juvenile court's decision regarding a child's best interest is not supported by competent, credible evidence, then it is unreasonable and we may reverse it. In reC.S., supra, at ¶ 10, citing In re Nice (2001), 141 Ohio App.3d 445,455.
 {¶ 23} M.D.'s guardian ad litem recommended that the Tharps be awarded temporary custody of M.D. She indicated to the court that M.D. was happy living with her grandparents and that M.D. had some concerns that made her uncomfortable about being at appellant's house, including his temper as well as physical confrontations. The Tharps' attorney indicated that M.D. is doing very well in school since the Tharps have *Page 10 
had custody of her. M.D. testified that she wanted to live with her grandparents because she feels safer with them and because appellant would not let her see her mother and grandparents.
 {¶ 24} In light of these circumstances, the juvenile court did not abuse its discretion when it found that an award of temporary custody to the Tharps was in the child's best interests, as that finding is supported by competent and credible evidence. The guardian ad litem and M.D. herself approved of the award, M.D. was achieving while in the Tharps' care, and there were some concerns about appellant's conduct. Appellant's second and third assignments of error are overruled.
 {¶ 25} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch.
Judgment affirmed.
BRYANT and FRENCH, JJ., concur.
[1] In In re C.R., the Supreme Court of Ohio also noted that it has only required express parental unsuitability determinations before awarding custody of a child to a nonparent in situations not involving abused, neglected, or dependent children. See In re Hockstok,98 Ohio St.3d 238, 2002-Ohio-7208 (parental unsuitability determination required in private custody dispute originating in domestic relations court pursuant to R.C. 3109.04); In re Perales (1977), 52 Ohio St.2d 89
(parental unsuitability determination required in custody dispute pursuant to R.C. 2151.23[A][2]). This court and others have noted the same distinction. In re Gales, Franklin App. No. 03AP-445,2003-Ohio-6309, at ¶ 8-10; In re D.R., 153 Ohio App.3d 156,2003-Ohio-2852, at ¶ 11-13; In re Sorgen, Lake App. No. 2005-L-121,2006-Ohio-4180, at ¶ 17-20. *Page 1